UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PHILIP FAMILY, L.L.C. and                                CIVIL ACTION
BEVERLY CONSTRUCTION
COMPANY, L.L.C

VERSUS                                                   NO. 06-1998

BAYOU FLEET PARTNERSHIP                                  SECTION "B"(5)


Before the Court is a Motion to Remand the case to state court filed by the plaintiffs PHILIP FAMILY, L.LC and BEVERLY CONSTRUCTION COMPANY, L.L.C. (Rec. Doc. #7).  The Court, having studied the Court record, the law and applicable jurisprudence, and the legal memorandum submitted by the parties, is now fully advised in the premises and ready to rule.

ORDER AND REASONS

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court (Rec. Doc. #7) is **GRANTED.**

I.  BACKGROUND

This matter initially arose from an action filed by Philip Family and Beverly Construction Co. in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana. Plaintiffs allege wrongful conduct, interference with business activity and interference with plaintiffs' use and enjoyment of their property, allegedly the result of

Bayou Fleet's mooring of its barges in front of and on the subject batture property. Defendant Bayou Fleet removed this matter to this Court pursuant to the provisions of 28 USC § 1441(b). Plaintiffs filed a Motion to Remand this claim to state court, arguing that federal courts have no subject matter jurisdiction of the dispute.

**II.  LAW AND ANALYSIS OF THE COURT**

The district court has general authority to remand a case under any of the following circumstances, according to U.S.C. § 1447:

(1) it must act on a timely motion to remand based on a defect in removal procedure;

(2) <u>it must remand a case over which it has no subject matter jurisdiction;</u> and

(3) it has discretion to remand state law claims that were removed along with one or more federal question claims.

Because this action was removed from state court, this court first must determine if it has original jurisdiction over the claims of the plaintiffs because issues affecting the court's subject matter jurisdiction are "fundamentally preliminary." <u>Leroy v. Great Western United Corporation</u>, 443 U.S. 173, 180 99 S.Ct. 2710, 2714, 61 L.Ed. 2d 464, 472 (1979).  The removing party bears the burden of establishing that this Court has subject matter jurisdiction under statutes that are strictly construed against removal, both because of the fundamental principle that federal courts are courts of limited jurisdiction and because removal of cases triggers significant federalism concerns. <u>Shamrock Oil & Gas Corp. v Sheets</u>, 131 U.S. 100, 109 (1941).

The well-pleaded complaint rule mandates that a federal question must appear on the face of a well-pleaded complaint for a claim to arise under federal law for purposes of

federal subject matter jurisdiction. <u>Metropolitan Life Insurance Co. v. Taylor</u>, 481 U.S. 58, 63, 107S. Ct. 1542, 1546, 95L. Ed. 2d 55 (1987).

Here, the defendants removed this matter from state court to federal court by asserting that this is a federal question claim. Defendants argue that this dispute arises over the mooring of barges, vessels involved in interstate commerce, on the Mississippi River, a navigable water way of the United States. Therefore, this dispute would fall under the Commerce Clause of the United States Constitution. Additionally, Plaintiffs allege damage caused by vessels (barges) situated in a navigable waterway (the Mississippi River) to property on land, a factual scenario clearly within the Admiralty Extension Act 46 U.S.C. § 740. Finally, defendants allege the their mooring facility is permitted by the Army Corps of Engineers, which has regulatory authority over the navigable waters of the United States, pursuant to the Rivers and Harbors Act 33 U.S.C. § 401, et seq.

However, the plaintiffs argue the claim should be remanded to state court as this federal court lacks subject matter jurisdiction. Plaintiffs contend that the Louisiana legislature has established recourse by means of Louisiana law to address cases like this. Plaintiffs assert that their riparian rights have been violated. The Louisiana Fifth Circuit Court of Appeal has held that "riparian landowners, by virtue of Louisiana Revised Statute 9:1102.2, own the right to erect and maintain on the batture, banks, and bed of river, buildings and improvements as may be required for commerce, navigation, or other public purposes." <u>Kliebert Education Trust v. Watson Marines Services, Inc</u>. 454 So.2d 855, 858 9La. App. 5 Cir. 1984), <u>writ denied</u>, 457 So. 2d 682, <u>appeal dismissed</u>, 471 U.S. 1050, 105 S.Ct. 2108, 85 L.Ed.2d 474.  This section has not been preempted by federal legislation enacted pursuant to the Commerce Clause. <u>Id.</u> at 858.

Plaintiffs argue that in keeping with the legislative intent of La. R.S. 9:1101.1, the Louisiana Fifth Circuit Court of Appeals has consistently held that a defendant is trespassing on plaintiff's property by butting noses of barges up against the river bank. Rome v Ingram Barge Company, 2006 WL 781980 (La. App. 5 Cir. 3/28/06); Kliebert Educational Trust v. Watson Marines Services, Inc. 454, So. 2d 855, 858 (La. App. 5 Cir. 1984), writ denied, 457 So. 2d 682, appeal dismissed, 471 U.S. 1050, 105 S.Ct 2108, 85 L.Ed.2d 474.

However, defendants argue that the application of the Kliebert and Rome decisions are misplaced here, as this case is factually different. Further, defendants argue that while riparian landowners do possess rights to develop the batture or alluvial land, the landowner may not obstruct or in any way impede the public right of navigation. Wood Marine Service, Inc. v City of Harahan, 858 F.2d 1061 (5th Cir. 1988).

Whether this is a federal question claim or not turns on the facts of this claim. Plaintiffs allege in their pleadings that some of the barges moored at the defendant's facility came into contact with plaintiffs batture property. Defendants claim this is not the case, as the barges were moored to a buoy and anchor system just offshore of Bayou Fleet's property and they did not contact the banks of plaintiff's downstream property.

However, solely upon the face of the plaintiff's complaint, it appears that this is a state law cause of action and that there is no federal question at issue which can only be considered by the federal court. "Riparian Owners were entitled upon trespass to permanent injunctive relief requiring barge operators to remove any anchor, buoy, or piling in bed of river immediately bordering on property without having to show any irreparable

injury." LSA-R.S. 9:1102.1; LSA-C.C.P art. 3663. Based on the pleadings, plaintiffs asserted a state law claim.

New Orleans, Louisiana, this 28th day of July, 2006.

_____
**IVAN L. R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**